IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JIMMY M. JONES,

    Plaintiff,

      v.

NATIONWIDE CREDIT, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:07-CV-63-TWT

ORDER

This is an employment discrimination action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 40]. For the reasons set forth below, the motion is GRANTED.

## I. Background

The Plaintiff is a former employee of the Defendant. He has been diagnosed with HIV. The Defendant is a debt collection company. (Def.'s Mot. for Summ. J., at 2). The Defendant hired the Plaintiff in November 2004 to work in its Kennesaw, Georgia branch. The Plaintiff requested and received leave in March 2006 pursuant to the Family Medical Leave Act ("FMLA") as a result of a car accident. At the time, he was employed as a garnishment clerk working on the Department of Education account. When the Plaintiff returned from leave in May 2006, the Defendant

T:\ORDERS\07\Jones\07cv63\msjtwt.wpd

eliminated his position and laid him off.  In March 2006, the Defendant lost its contract with the Department of Education.  As a result, the Defendant implemented a "reduction in force" for those who held administrative positions working on the lost account.

As part of the reduction in force, four positions working on the Department of Education account were eliminated.  Three positions were eliminated in Nashville, Tennessee and one position in Kennesaw, Georgia.  The Plaintiff's position was eliminated because he had the least seniority.  The Defendant contends that it was unable to shift the Plaintiff to another account because he was on a probationary "performance improvement plan" due to excessive tardiness and absences.  In accordance with the Defendant's policy, an employee could not shift to another account if he was on probation.  (Horton Dep. at 24).  After his termination, the Plaintiff filed suit alleging violations of the Americans with Disabilities Act ("ADA") and the FMLA.  The Defendant now moves for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light

most favorable to the nonmovant.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

## III.  <u>Discussion</u>

The ADA prohibits discrimination in employment on the basis on disability. The FMLA authorizes an eligible employee to take up to twelve weeks of unpaid leave per year for a "serious medical condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D). When an employee returns from FMLA leave, he is entitled to be restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position.  29 U.S.C. § 2614(a).  To enforce the rights guaranteed to employees under the statute, "the FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, *see* 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act."

Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001).  In his Response Brief, the Plaintiff has abandoned his ADA claim and his FMLA retaliation claim.  He now only pursues his FMLA interference claim.  The Defendant argues for summary judgment as to the remaining FMLA interference claim on the grounds that it would have terminated the Plaintiff's position even had the Plaintiff not been on leave.

The Plaintiff argues that the Defendant interfered with his rights under the FMLA by terminating his employment while he was on leave.  The Eleventh Circuit has held that "an employee returning from covered leave is entitled to be restored to his former position or its equivalent."  Strickland, 239 F.3d at 1208; cf. Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006) (no viable interference claim where employee was demoted over two months after returning from leave and there was substantial evidence that employee would be demoted even before he notified employer of need for leave).  The Plaintiff was not reinstated to his position after his leave; in fact, the Defendant terminated his employment immediately after he returned to work.  However, summary judgment is appropriate as there is no material factual dispute that the Defendant would have terminated the Plaintiff's employment for a legitimate nondiscriminatory reason even if the Plaintiff had not been on leave.

An employer can avoid liability on an interference claim if it can demonstrate that it would have discharged the employee regardless of whether or not the employee took leave. Strickland, 239 F.3d at 1208. This is an affirmative defense. Summary judgment is only appropriate if the record establishes without dispute that the Plaintiff would have been terminated for the nondiscriminatory reason. Id. The Defendant claims that the Plaintiff would have been terminated – whether or not he took FMLA leave – because of the reduction in force due to the loss of the Department of Education contract. The Plaintiff argues that, in reality, there was no reduction in force because the Plaintiff was the only employee terminated.

The Defendant, however, has introduced undisputed evidence that the Plaintiff was not the only employee whose position was eliminated as a result of the recall of the Department of Education accounts. Three administrative personnel positions in the Nashville, Tennessee branch were also eliminated because of the lost contract. (Van de Ryt Aff. ¶ 3). Additionally, it is undisputed that, although no other Kennesaw employees were laid off because of the lost contract, all other employees were eventually transferred out of the department working on the Department of Education account. (Smith Dep. at 23, 25). The Defendant has produced undisputed evidence that it was company policy not to allow an employee on a performance improvement plan to transfer to another department. (Horton Dep. at 21). And, it is undisputed that

the decision to eliminate positions within the Plaintiff's department was made by seniority.  (Van de Ryt Aff. ¶ 4).  The Plaintiff argues that basing the layoffs on seniority is a bogus claim because a less senior administrative employee retained her employment with the Defendant in spite of the layoffs.  However, the Defendant established that, unlike the Plaintiff, the retained employee did not work exclusively on the Department of Education account.  (Def.'s Mot. for Summ. J., at 7, n.12).

The Plaintiff argues that there is proof that collections on the Department of Education account continued into 2007, thus negating the Defendant's claim that the layoffs were necessary.  (Smith Dep. at 21).  In <u>Parris v. Miami Herald Publishing Co.</u>, 216 F.3d 1298 (11th Cir. 2000), the Eleventh Circuit found a question of fact as to whether or not the plaintiff would have been laid off even if he had not taken leave. In that case, the defendant was restructuring its company and admitted it had no designs of laying off any employees. <u>Id.</u> at 1303.  Factual support showed that employees affected by the restructuring were given an indefinite time to find a new department in the company.  <u>Id.</u>  However, the plaintiff was terminated soon after he needed to take leave, even though at least one other similarly situated employee in the plaintiff's department kept his job for at least six months longer than the plaintiff.  <u>Id.</u> This case is similar in that when one department needed to be eliminated, the Defendant employer allowed most of the affected employees to transfer within the

company.  Further, as in <u>Parris</u>, some employees continued working on Department of Education accounts after the Plaintiff's employment was terminated.  However, <u>Parris</u> is not controlling because the Plaintiff here was on a probationary status which restricted his ability to transfer to other departments.  Unlike the plaintiff in <u>Parris</u>, the Plaintiff in this case can offer no similarly situated employee affected by the lost Department of Education account.  Due to his probationary status, the Plaintiff was effectively unqualified under company policy to transfer to another department.  <u>Cf.</u> <u>Jameson v. Arrow Co.</u>, 75 F.3d 1528, 1532 (11th Cir. 1996) (Eleventh Circuit precedent "suggest[s] that where a job for which the plaintiff is qualified, and for which the plaintiff applies, is available at the time of termination, and the employer offers the job to an individual outside the protected [group], an inference of intentional discrimination is permissible.").

Finally, the Plaintiff argues that, despite the Plaintiff's probationary status, the Defendant should have "consider[ed] other possible options for complying with the law." (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 16).  Theoretically, it would have been possible for the Defendant to be more accommodating to the Plaintiff's situation as a probationary employee.  For instance, the Defendant might have reassigned a more senior administrative employee from the Department of Education account to another department, thus allowing the Plaintiff to remain employed

working in the same department.  However, it is clear that an employee has no greater right to reinstatement than if the employee had been continuously employed during his leave period.  O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1354 (2000).  As such, the Defendant is under no obligation to retain an employee on FMLA leave - or to accommodate an employee on leave more than any other employee - if it was planning to terminate the employee in this absence of leave. Because the Defendant has established that the Plaintiff would have been terminated even if he had not taken FMLA leave, summary judgment is appropriate on the FMLA interference claim.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 40] is GRANTED.

SO ORDERED, this 18 day of April, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge